Lynnore and Earle COMPTON, Larry and Hazel Anderson, Frank Wagner, Ann and Otto Chady, Reese Reynolds, Betty McCay, Helen Reed, Jeff and Becky Walsh, David and Adelaide Jones, Ed Southerling, Carol Coleman, Bob Welsh, Joseph R. Pratt, Renny and Larry Wood and The Brinton'S Bridge Civic Association, Appellants,

v.

The ZONING HEARING BOARD OF PENNSBURY TOWNSHIP and John P. McFadden and Chancellor Sandwich Shop, Inc. d/b/a Country Kettle Restaurant and Panagis and Connie Katedavatis.

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1998.

Decided March 16, 1998.

---

George A. Brutscher, Kennett Square, for appellants.

Wendy W. McLean, Malvern, for appellees.

Before COLINS, President Judge, and KELLEY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Lynnore and Earle Compton, Larry and Hazel Anderson, Frank Wagner, Ann and Otto Chady, Reese Reynolds, Betty McCay, Helen Reed, Jeff and Becky Walsh, David and Adelaide Jones, Ed Southerling, Carol Coleman, Bob Welsh, Joseph R. Pratt, Renny and Larry Wood and the Brinton's Bridge Civic Association (Objectors) appeal from the order of the Court of Common Pleas of Chester County that denied Objectors' appeal from the decision of the Pennsbury Township Zoning Hearing Board (ZHB). We affirm.

On April 26, 1996, John McFadden, equitable owner of the subject property, applied to the ZHB requesting the removal of certain conditions that were imposed by the ZHB in 1984 when a liquor license was acquired by Panagis and Connie Katedavatis, owners of the property and proprietors of the nonconforming restaurant. The property has been used as a restaurant since prior to the time of the enactment of the present zoning ordinance in 1982, which designated the area as residential, although the district across the street was zoned commercial. In 1984, when the Katedavatises acquired a liquor license, the ZHB treated the addition of alcohol service as a change in the nonconforming use, requiring the grant of a special exception. The ZHB granted the special exception, but attached conditions (a) requiring the serving of alcohol only in conjunction with the serving of meals, (b) disallowing a bar, (c) limiting the time during which alcohol could be served, and (d) requiring a barrier to limit access to the roadway. The ZHB's decision also provided that "[t]he special exception shall be revoked if the applicant, its successors or assigns, ceases to meet any of the conditions imposed by this order." (ZHB's 1984 decision, Reproduced Record, p. 14a). No appeal was taken from that decision.

In the 1996 application, McFadden sought the removal of the 1984 conditions (a, b, and c), contending that they hampered the continuance of the business as a viable entity and rendered the sale of the business unfeasible. He based the request for removal of the three conditions on the preemption by the Liquor Code (Code).[1] At the hearing before the ZHB, the Katedavatises presented evidence of their failure to sell the restaurant over a two and one-half year period and McFadden testified that lenders refused to finance his purchase of the property if the conditions remained in place. McFadden also emphasized his intent to comply with the Liquor Code and his focus on food service. Objectors raised concerns as to traffic and

---

1. Act of April 12, 1951, P.L. 90, reenacted by the Act of June 29, 1987, P.L. 32, *as amended,* 47 P.S. §§ 1–101—8–803.

crowds resulting from the requested addition of a bar.

The ZHB modified the 1984 conditions rather than granting their removal. The new conditions required (a) the dispensing of alcohol only with the service of meals or refreshments, (b) the discouragement of the sale of alcohol for consumption off the premises, and (c) the limitation of hours for the sale of alcohol, although expanding the time limits imposed by the 1984 conditions. The ZHB also imposed three other conditions concerning parking, the prohibition of a dance floor and music after midnight, and the requirement that before any expansion or change in the use of the property could be undertaken further application to the ZHB was necessary. The ZHB also incorporated by reference the earlier 1984 decision into their 1996 decision.

Objectors appealed to the trial court, alleging that the ZHB had improperly allowed the restaurant to sell alcohol in the 1984 decision and had improperly expanded that use in its 1996 decision. Objectors contended that a restaurant was not a permitted use in the district and that the sale of alcohol and the operation of a bar were an illegal expansion of the nonconforming use.

In its opinion, the trial court explained that the restaurant was a valid nonconforming use and that the ZHB was obligated to modify the conditions to preserve its viability. The court also noted that nothing existed in the record evidencing that the relaxation or removal of the conditions would result in any adverse impact on the health, safety and general welfare. However, the court held that the ZHB in both its 1984 and 1996 decisions acted beyond "its subject matter jurisdiction by imposing conditions relating to the details of liquor service—an area pre-empted by the Liquor [Code]." (Trial court's decision, p. 3).

The trial court then discussed the 1994 amendment to the Liquor Code, which states that "[n]othing in this act shall be construed

to pre-empt the right of a municipality to regulate zoning and enforce any other local ordinances and codes dealing with health and welfare issues." Section 493.1 of the Liquor Code, 47 P.S. § 4–493.1.[2] Interpreting the language of the amendment and with reliance on *1916 Delaware Tavern, Inc. v. Zoning Board of Adjustment*, 657 A.2d 63 (Pa. Cmwlth.1995), the trial court determined that municipalities are still limited to "liquor neutral" zoning regulations and that the ZHB here went far beyond anything that could be construed as zoning when it imposed conditions a, b and c. Thus, the trial court denied Objectors' appeal and vacated conditions a, b and c as they were stated in both the 1984 and the 1996 ZHB decisions.

■ Objectors now appeal to this Court,[3] and raise the following issues for our review: (1) whether the trial court erred in holding that the ZHB did not have subject matter jurisdiction over the 1984 and 1996 applications, (2) whether zoning controls over the operation of a nonconforming use have been pre-empted by the Liquor Code, (3) whether McFadden had a burden to show that circumstances had changed between 1984 and 1996 to justify amendments to the 1984 conditions, and (4) whether the trial court erred in striking the three conditions from the 1996 ZHB order when such relief had not been requested.

Objectors recognize that municipalities have long had subject matter jurisdiction to impose liquor neutral conditions on the operations of liquor licensees. However, relying on *Three Rivers Aluminum Co. v. Brodmerkle*, 119 Pa.Cmwlth. 409, 547 A.2d 814 (1988), *petitions for allowance of appeal denied*, 521 Pa. 623, 626, 557 A.2d 726, 728 (1989), Objectors argue that zoning authorities could enjoin the service of food and liquor to the general public where that activity was not permitted. Objectors also contend that the ZHB's decision was an attempt to limit the expansion of the nonconforming use that does not have a right to indefinite expansion.

---

2. Added by the Act of October 5, 1994, P.L. 522.

3. Our scope of review of a decision of a zoning hearing board where a trial court takes no additional evidence is limited to a determination of

whether the zoning hearing board abused its discretion or committed an error of law. *Valley View Civic Assoc. v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

Objectors overlook the fact that the restaurant here maintained the status of a valid nonconforming use and has a right to natural expansion.

In the case of *Township of Chartiers v. William H. Martin, Inc.*, 518 Pa. 181, 542 A.2d 985 (1988), the Supreme court set out the principles governing the expansion of a nonconforming use and evaluated the natural expansion doctrine. In reviewing numerous cases, the court found extensions of nonconforming uses to be proper. In a sand loam business, expansion in depth and area was proper. In another case, a nonconforming use could not be limited by the zoning ordinance to the precise magnitude which existed on the date of the ordinance's adoption. The court also held that a change in instrumentality will not defeat the purpose or existence of a nonconforming use. In other words, an operator of a nonconforming use may incorporate modern technology into his business without fear of losing that business. The right to continue a nonconforming use, once established and not abandoned, runs with the land and this right is not confined to any individual or corporation. (Citations omitted.)

*Appeal of Gemstar/Ski Brothers of Springfield Township Zoning Hearing Board*, 133 Pa.Cmwlth. 115, 574 A.2d 1201, 1204 (1990). There is no question that here the restaurant use is a valid nonconforming use and does not violate the guidelines of *Township of Chartiers* and its progeny with regard to any perceived expansion.

Next Objectors contend that the trial court erred in interpreting the *Delaware* case, which was filed after the 1994 amendment, but decided on the basis of the pre-amendment law. The court in *Delaware* held that zoning regulations prohibiting cabarets, with or without liquor licenses, in certain geographic location within the city, were not pre-empted by the Liquor Code, but that municipalities are still limited to liquor neutral zoning regulations. The *Delaware* court discussed the pervasiveness of the regulation scheme controlling the alcoholic beverage industry, but recognized that municipalities could exercise appropriate zoning controls over liquor licensees, citing *Commonwealth v. Wilsbach Distributors, Inc.*, 513 Pa. 215, 519 A.2d 397 (1986), and *Wissinoming Bottling Co. v. School District of Philadelphia*, 654 A.2d 208 (Pa.Cmwlth.1995), *aff'd*, 543 Pa. 402, 672 A.2d 279 (1996). Significantly, the *Delaware* court stated that:

> [E]ven though we conclude that Section 493.1 should not be applied retroactively, in reality, that holding makes little difference in our disposition of this case. Despite the fact the liquor industry remains highly regulated by the Commonwealth, local municipalities even before October 5, 1994 had the power to promulgate and enforce appropriate liquor-neutral zoning controls.

*Id.* at 68. Objectors recognize, as does this Court, that no other case has been decided that in any way interprets the 1994 amendment. However, we believe that the amendment was, in essence, codifying prior case law. Based on the language from the *Delaware* opinion quoted above and in light of the language of the amendment, we hold that zoning boards may still only place conditions on uses that are liquor neutral. Thus, the trial court's decision striking conditions a, b and c was proper. These three conditions were not liquor neutral and invaded the province of the Liquor Control Board that is charged with the responsibility of overseeing and regulating the sale of alcohol.

Objectors also argue that McFadden had the burden of showing a substantial change in circumstances in order to have the 1984 conditions lifted. Objectors also contend that because the Katedavatises had consented to the conditions they and McFadden are bound by them. Objectors rely on *Appeal of U.S. Aluminum Corp. of Pennsylvania*, 123 Pa.Cmwlth. 376, 553 A.2d 1046 (1989), to support what is essentially a waiver argument. In other words, because the Katedavatises failed to appeal the imposition of the conditions initially, McFadden is required to prove a substantial change in circumstances regarding the reason the original conditions were imposed.[4]

---

4. Objectors reliance on *Kulak v. Zoning Hearing*     *Board of Bristol Township*, 128 Pa.Cmwlth. 457,

McFadden responds to this argument by citing *Levin v. Board of Supervisors of Benner Township,* 669 A.2d 1063 (Pa.Cmwlth. 1995), *aff'd,* 547 Pa. 161, 689 A.2d 224 (1997), a case in which challenged conditions were found to be pre-empted by the Susquehanna River Basin Commission regulations. Relying on *Clinton County Solid Waste Authority v. Wayne Township,* 164 Pa.Cmwlth. 632, 643 A.2d 1162 (1994), the *Levin* court held that an issue concerning consent to conditions never arises if it is determined that the subject matter of the conditions is pre-empted. In other words, local governments cannot usurp authority reserved by the legislature for state agencies.

Objectors' final argument concerns the trial court's striking of the 1996 conditions even though McFadden had not requested that relief. McFadden's application to the ZHB requested the lifting of the 1984 conditions. Apparently, McFadden was satisfied with the ZHB's 1996 decision, because he did not appeal that determination. Obviously, Objectors were dissatisfied that the ZHB modified the conditions, wanting at a minimum the original conditions to remain in effect. Unfortunately for Objectors, by appealing, the question of preemption arose and was decided against them. The trial court acted properly in eliminating all conditions that were not liquor neutral.

For the reasons stated above, we affirm the decision and order of the trial court.

*ORDER*

NOW, March 16, 1998, the order of the Court of Common Pleas of Chester County, at No. 96–05957, dated April 22, 1997, is affirmed.

563 A.2d 978 (1989), is misplaced. Although *Kulak* concerns a nonconforming use conditioned invalidly, the court held that the condition was binding on a subsequent owner. However, *Kulak* does not involve a preemption issue and is, therefore, not controlling.