IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hugh Williams, : 
: 
Petitioner : 
: 
v. : No. 140 M.D. 2023
: Submitted: March 8, 2024
George M. Little, Former : 
Acting Secretary of Department : 
of Corrections and Laurel Harry, : 
Current Secretary of Department : 
of Corrections, : 
: 
Respondents : 


BEFORE: HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                     FILED: July 23, 2024

Before the Court are the preliminary objections (POs) filed by George M. Little (Little), former Acting Secretary of Corrections, and Laurel Harry (Harry), current Secretary of Corrections (together, Secretaries), in response to the petition for review (PFR) filed in our original jurisdiction by Hugh Williams (Inmate).[1] We dismiss the PFR.

_____

[1] As this Court has explained:

**(Footnote continued on next page…)**

The PFR alleges the following relevant facts. Inmate is presently serving a life sentence in the State Correctional Institution at Phoenixville. In 1983, Inmate was one of approximately 60 plaintiffs in a class action filed in the United States District Court for the Eastern District of Pennsylvania seeking the Department of Corrections' (DOC) recognition of several practices of the Islamic faith. PFR ¶¶4, 5. On May 13, 1983, the plaintiffs voluntarily withdrew the class action based on DOC's "*good faith* agreement" to recognize two Ceremonial Meals per year for the Muslim faith. *Id.* ¶¶6, 7 (emphasis in original).[2]

> In ruling on [POs], we must accept as true all well-pleaded material allegations in the [PFR], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain [POs], it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A [PO] in the nature of a demurrer admits every well-pleaded fact in the [PFR] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [PFR].

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). Therefore, in considering Inmate's claims, we are limited to the allegations raised in the PFR; any additional claims or arguments contained in his brief filed in opposition to the POs will not be considered in disposing of the POs. *Id. See also Feigley v. Department of Corrections*, 872 A.2d 189, 193 n.3 (Pa. Cmwlth. 2005) ("[The inmate] attempts to augment the averments in his [PFR] by making various allegations in his three briefs and by attaching documents thereto. Factual disputes are framed by pleadings, not briefs, therefore, we do not consider these additional allegations and documents.").

[2] Specifically, with respect to Inmate's Muslim faith, the PFR alleges:

**(Footnote continued on next page…)**

On February 24, 2022, Little, the then-acting Secretary, issued a memorandum amending DOC's policy regarding Inmate's Ceremonial Meals which states:

> [DOC] currently offers Ceremonial [M]eals pursuant to CD-ADM 819.[3] For these meals, Food Services prepares a separate meal apart from the mainline meal, and inmates are able to purchase optional menu items. With the ever-growing number of faith groups accommodated with

---

7. Special attention was directed to the Eid or Islamic feast observed at the completion of the 30[-]day feast of Ramadan, in the ninth month in the lunar calendar, and the Eid ul Adha, after completion of the Hajj or pilgrimage for those able to travel, and observed world[]wide by those who can[]not, comme[m]orating the Prophet Abraham's willingness to s[ac]rifice his son Ismael and later substituted by an animal sacrifice.

PFR ¶7; *see also id.* Ex. B at 5 ("[I]t is the understanding of the plaintiff class representatives that annually the plaintiff class may hold what is termed an 'eid' feast at the end of Ramadan, with family members present at the feast.").

[3] DOC's Administrative Directives are available at http://www.cor.pa.gov. Section 2.H.1. and 2. of DOC's Food Services Procedure Manual, DC-ADM 610, states, in relevant part: "[DOC] seeks to accommodate the sincerely held religious beliefs of inmates as [they relate] to [the inmates'] dietary requirements. . . . An inmate seeking to be accommodated with a religious diet must submit a **Religious *Diet* Request Form** in accordance with [DOC] policy **DC-ADM 819, 'Religious Activities.'**" (Emphasis in original.) In turn, Section 4.C.1. of DOC's Religious Activities Procedures Manual, DC-ADM 819, states: "*Inmates seeking to be accommodated with a non-grooming religious accommodation (e.g., request for . . . a religious diet . . .) not already approved in policy, must submit a Religious Accommodation Request Form - Non Grooming (Attachment 4-G) to their [Facility Chaplaincy Program Director (FCPD)]*." (Emphasis in original.) *See also* Section 1.A.2., 3., and 5. of DOC's Inmate Grievance System Procedures Manual, DC-ADM 804 ("The Inmate Grievance System is intended to deal with a wide range of issues, procedures, or events that may be of concern to an inmate. . . . An inmate is encouraged to attempt resolution of a concern informally by use of a **DC-135A, Inmate Request to Staff Member** or direct conversation with the Unit Manager or Officer-in-Charge prior to submitting a **DC-804, Part 1, Official Inmate Grievance Form (Attachment 1-A)**. . . . When an inmate has a concern that he/she is unable to resolve, the inmate must submit his/her grievance to the Facility Grievance Coordinator/designee using the DC-804, Part 1.") (Emphasis in original.)

[DOC], a change in policy is needed to continue to strive for equity among those faith groups.

Beginning January 1, 2023, faith groups accommodated with Ceremonial Meals will instead be accommodated with up to two (2) Fellowship Meals a year. Fellowship Meals permit inmates of those faith groups to provide input on the mainline "best meal" to be served at two holy day observances per year; however, optional menu items will no longer be available. Additionally, members of each faith group will be able to eat together and afterwards engage in thirty (30) minutes of fellowship, provided communal gatherings are permitted at that time.

Faith groups previously accommodated with Ceremonial Meals will still be able to observe them in 2022[,] as they have done in the past. Beginning in 2023 and going forward, only Fellowship Meals will be accommodated.

PFR Ex. A.

On September 7, 2022, Inmate sent a letter to Little asking that he rescind the February 24, 2022 change in DOC's policy;[4] however, Little did not respond to the letter within 30 days. PFR ¶¶12, 13. As a result, on January 22, 2023, Inmate sent a letter to Harry, as Little's successor, asking that she rescind the February 24, 2022 change in DOC's policy;[5] however, Harry did not respond to the letter. *Id.* ¶¶14, 15, 16.

---

[4] Specifically, in pertinent part, Inmate stated: "This letter is written asking you to rescind and[/]or reconsider your February 24, 2022 memo concerning Followship Meals and limiting the Islamic faith's Eids to one, instead of two as has been the practice for 40 years. In your memo you cite the growing number of congregants, which you say burdens the system." PFR Ex. B at 1.

[5] Specifically, in pertinent part, Inmate stated:

The central issue is, the February 24, 2022 memo, *if effected*, violates Muslims, the Jewish Community and Native Americans' religious rights guaranteed by the First Amendment[, U.S. Const. amend. I]; something your predecessor knew or should have known.

**(Footnote continued on next page…)**

4

Accordingly, on March 13, 2023, Inmate filed the instant PFR invoking this Court's original jurisdiction and seeking the following declaratory relief: (1) the Secretaries' actions violate the First Amendment to the United States Constitution, U.S. Const. amend. I; (2) the renaming of Ceremonial Meals to Fellowship Meals is statutorily and constitutionally impermissible; (3) the Secretaries' actions violate the good faith agreement disposing of the federal class action; and (4) the Secretaries failed to follow DC-ADM 804 by failing to dispose of his requests within 30 days of receipt. PFR at 6. Inmate also seeks the award of all costs incurred thereby. *Id.*

However, as this Court has explained:

> [A]s prerequisite to bringing a prison conditions claim in this Court's original jurisdiction, prisoners must first exhaust all administrative remedies available at the state prison level. *See Minor v. Kraynak*, 155 A.3d 114, 124 (Pa. Cmwlth. 2017). The purposes of this exhaustion requirement are to prevent premature judicial intervention in the administrative process and to ensure that claims will be addressed by the agency with expertise in the area. *Funk v. Dep*[*artmen*]*t of Env*[*ironmental*] *Prot*[*ection*], 71 A.3d 1097, 1101 (Pa. Cmwlth. 2013); *Gardner v. Dep*[*artmen*]*t of Env*[*ironmental*] *Res*[*ources*], 658 A.2d 440, 445 (Pa. Cmwlth. 1995) (stating that "[t]he reasons for requiring exhaustion are that it is more efficient to allow an agency to proceed uninterrupted until its conclusion so that it can find facts, apply its expertise and exercise its discretion"). If a prisoner fails to complete each of the steps required by the grievance process, he has failed to exhaust his administrative remedies. *See Paluch*

---

This letter asks that you do not follow [in] Little's footsteps by rescinding the February 2[4], 2022 memo. This will prevent unnecessary court intervention and permits the continuation of a 40[-]year uninterrupted, non-problematic religious practice.

PFR Ex. C (emphasis added).

5

*v. Palakovich*, 84 A.3d 1109, 1113 (Pa. Cmwlth. 2014) (failure of prisoner to timely submit grievance ruled failure to exhaust administrative remedies); *see also Humphrey v. Dep*[*artmen*]*t of Corr*[*ections*], 939 A.2d 987, 993 (Pa. Cmwlth. 2007)[, *aff'd in part and appeal denied in part*, 955 A.2d 348 (Pa. 2008)] (where inmate did not allege [that] he made a timely appeal to the facility manager or [DOC], he failed to exhaust administrative remedies); *Salter v. Lamas* (Pa. Cmwlth., No. 369 C.D. 2013, filed Oct. 4, 2013), slip op. at 10 ("[W]hen an inmate fails to appeal the denial of his grievance to final review with [DOC], he has failed to exhaust his administrative remedies under Section 93.9 [of DOC's regulations, 37 Pa. Code §93.9,] and DC-ADM 804.").

*Goodley v. Wetzel* (Pa. Cmwlth., No. 704 M.D. 2019, filed April 16, 2021), slip op. at 4-5. Because Inmate does not allege that he attempted to invoke DOC's informal or formal established administrative remedies regarding an accommodation to his religious beliefs, the PFR that was filed in our original jurisdiction seeking declaratory relief and the award of costs will be dismissed.[6] *See also Aboud v. City of Pittsburgh Department of Planning*, 17 A.3d 455, 466 (Pa. Cmwlth. 2011) ("'[A]n

---

[6] *See, e.g.*, *Parran v. Rozum* (Pa. Cmwlth., No. 239 C.D. 2012, filed January 4, 2013), slip op. at 4, wherein this Court explained:

> A trial court can properly dismiss an action under the [Prison Reform Litigation Act (PLRA), 42 Pa. C.S. §§6601-6608,] *sua sponte* before any answer is filed on the ground that the action is barred by an affirmative defense, including the defense of failure to exhaust administrative remedies, even though no affirmative defenses have yet been pleaded by any defendant. *Watson v. Department of Corrections*, 990 A.2d 164, 167-68 (Pa. Cmwlth. 2010); [Section 6602(e) of the PLRA,] 42 Pa. C.S. §6602(e).

*See also* Section 6602(e)(2) of the PLRA, 42 Pa. C.S. §6602(e)(2) ("[T]he court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines . . . the defendant is entitled to assert a valid affirmative defense . . . which, if asserted, would preclude the relief."); Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. []Non-precedential decisions . . . may be cited for their persuasive value.").

action seeking declaratory judgment is not an optional substitute for established or available remedies and should not be granted where a more appropriate remedy is available.'") (citation omitted).

Accordingly, we dismiss the PFR.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hugh Williams,                          :
                                        :
                    Petitioner          :
                                        :
        v.                              : No. 140 M.D. 2023
                                        :
George M. Little, Former                :
Acting Secretary of Department          :
of Corrections and Laurel Harry,        :
Current Secretary of Department         :
of Corrections,                         :
                                        :
                    Respondents         :

# **O R D E R**

AND NOW, this 23rd day of July, 2024, the Petition for Review filed in the above-captioned matter is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge