CERDEL CONSTRUCTION COMPANY, INC., A NEW JERSEY COR-
PORATION, PLAINTIFF–APPELLANT, v. TOWNSHIP COM-
MITTEE OF THE TOWNSHIP OF EAST HANOVER IN THE
COUNTY OF MORRIS, A MUNICIPAL CORPORATION, DE-
FENDANT–RESPONDENT, AND BOARD OF ADJUSTMENT
OF THE TOWNSHIP OF EAST HANOVER, A PUBLIC COR-
PORATION, ET AL., DEFENDANTS.

Argued February 24, 1981—Reargued April 6, 1981.

Decided June 11, 1981.

*Fred G. Stickel, III* argued the cause for appellant (*Stickel & Koenig*, attorneys).

*W. Cary Edwards, Jr.* argued the cause for respondent (*Edwards & Gallo*, attorneys).

*William M. Cox* submitted a brief on behalf of *amicus curiae* New Jersey Federation of Planning Officials (*Dolan & Dolan*, attorneys).

The opinion of the Court was delivered by

SULLIVAN, J.

This is a companion case to *Evesham Township Zoning Board of Adjustment and Wilbert D. Abele v. Evesham Township Council et al.* decided this same day. 86 *N.J.* 295 (1981). Certification was granted herein to consider plaintiff's assertion that the Appellate Division had failed to pass upon the novel issue of the appropriate scope of review to be applied by the municipal governing body in considering an appeal from a board of adjustment's decision granting a use variance.[1] 85 *N.J.* 139 (1980). We have decided that issue today in *Evesham,* holding that under *N.J.S.A.* 40:55D–17 the governing body is vested with the power of *de novo* review of a local board's decision.

---

[1] Plaintiff also complained of the fact that its appeal had been decided by a two-judge panel of the Appellate Division. The matter had been scheduled before a three-judge panel. However, on the argument date only two judges were present because of the unexpected illness of the third judge. Pursuant to *R.* 2:13–2(b), counsel for both parties agreed to oral argument before a two-judge panel. Plaintiff, in its petition, alleged that this agreement was expressly conditioned on having the judge who was ill and absent participate in the final decision. In response, opposing counsel maintained that there was no stipulation that the absent judge had to participate. Only the two judges who heard oral argument joined in the Appellate Division's *per curiam* opinion. Recognizing that plaintiff should have raised this issue before the Appellate Division rather than present it to this Court, we decline to consider it.

Plaintiff owns a large tract of land on Ridgedale Avenue in East Hanover, New Jersey. The area is zoned for single-family residential use and the property has a dwelling on its northerly portion. Plaintiff proposed to subdivide the property into two parcels and develop the southerly portion for use as a professional building. The remaining portion on which the existing dwelling is located would continue to be devoted to residential use. Accordingly, plaintiff filed an application with the East Hanover Board of Adjustment (Board) for a subdivision of the property and a "special reasons" use variance. *N.J.S.A.* 40:55D–70(d). Following a contested hearing at which numerous property owners appeared and objected, the Board by a divided vote granted both the subdivision and the use variance. A dissenting Board member filed an opinion stating that the property was suitable for residential development and that "special reasons" for the variance had not been shown.

On appeal to the East Hanover Township Committee (Committee) by approximately 105 property owners, pursuant to *N.J.S.A.* 40:55D–17, the decision of the Board was reversed in its entirety, *inter alia*, on the ground that special reasons for the variance had not been shown. The Committee also held that the Board's decision was an improper attempt to rezone the property beyond its statutory authority and directly contrary to the recent decision of the Committee which changed a short-lived PB–1 zone plan for the tract (which permitted office buildings) back to its original single-family residence use. Plaintiff then filed a complaint in lieu of prerogative writs to review the Committee's ruling. A plenary hearing was held before the Law Division which ultimately ruled in favor of plaintiff, holding essentially that special reasons had been shown and that the grant of a variance would not adversely affect the public good or the existing zone plan.

On appeal, the Appellate Division reversed. While the court found that the negative criteria necessary to support a variance application under *N.J.S.A.* 40:55D–70(d) had been satisfactorily established, it was convinced that plaintiff had not demonstrat-

ed the requisite "special reasons" for approval of such a variance. The Appellate Division, therefore, held that the Board had abused its discretion in granting the variance, that the decision of the Committee reversing the Board was entirely proper and that the action of the Law Division reinstating the grant of the variance was reversible error. We now affirm.

Actually, the issue posed by plaintiff in its petition for certification is not reached if special reasons for the variance were not established. Whether or not special reasons have been shown is a factual issue as to which this Court ordinarily would not grant certification. Since the case is before us, however, we have reviewed the entire record and conclude that, although the question may be debatable, the Township Committee's finding is supported by the record.

Plaintiff's tract is situated at the border of an R–15 zone (single-family residence). Like other properties similarly located, it abuts property zoned for other types of uses. To the south, immediately adjacent to plaintiff's property, there is a gasoline station on the corner of Ridgedale Avenue and Eagle Rock Avenue. Directly across the street in an easterly direction, on the opposite side of Ridgedale Avenue, is a commercial greenhouse. To the west and immediate rear of plaintiff's property is a restaurant parking lot. To the north, however, is a solid area of single-family residences.

It can always be said that the border area of a zone is affected by adjoining uses and that such an area is particularly adaptable to uses pursuant to a variance. However, the lines have to be drawn somewhere if a zone plan is to have any real purpose. The erosion of border areas through variances is destructive of sound zoning and cannot be allowed except where special circumstances beyond those ordinarily associated with zone borders are shown. Plaintiff's property can be put to its zoned use. It already has a dwelling on its northerly portion. Plaintiff's own expert witness testified at the Board's hearing that the subject property could feasibly be used for residential

purposes. Moreover, the Board itself found that the property can be developed consonant with the existing zone plan. The proposal to construct a professional building with eight office suites and ancillary parking facilities would undoubtedly return plaintiff a larger profit on its investment. This is not the test, however, by which a variance application should be measured.

We must remain mindful that "[v]ariances to allow new nonconforming uses should be granted only sparingly and with great caution since they tend to impair sound zoning." *Kohl v. Mayor and Council of Fair Lawn*, 50 *N.J.* 268, 275 (1967); see also, *Grundlehner v. Dangler*, 29 *N.J.* 256, 266 (1959); *Beirn v. Morris*, 14 *N.J.* 529, 536 (1954); *Lumund v. Bd. of Adjustment of Borough of Rutherford*, 4 *N.J.* 577, 585 (1950). For the grant of a variance under subsection (d) of *N.J.S.A.* 40:55D–70, two critical findings are required: (1) that "special reasons" exist for the variance; and (2) that the variance "can be granted without substantial detriment to the public good and will not substantially impair the intent and the purpose of the zone plan and zoning ordinance."

In the instant matter the Township Committee found that special reasons for a variance had not been established. The record fully supports this determination.

Affirmed.

*For affirmance*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For reversal*—None.