216 N.J. Super. 377 (1987)
523 A.2d 1086
EDWARD DEFELICE AND AGNES DEFELICE, PLAINTIFFS-RESPONDENTS,
v.
ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF POINT PLEASANT BEACH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1987.
Decided March 23, 1987.
*378 Before Judges R.S. COHEN and GRUCCIO.
William C. Nowels argued the cause for appellant (Magee & Graham, attorneys; William Nowels, on the brief).
*379 Robert Greenberg argued the cause for respondents (Greenberg, Feiner, Wallerstein & Benisch, attorneys; Robert Greenberg, on the brief).
The opinion of the court was delivered by:
GRUCCIO, J.A.D.
Defendant Zoning Board of Adjustment of the Borough of Point Pleasant Beach appeals from a grant of summary judgment in favor of plaintiffs Edward and Agnes DeFelice invalidating a condition imposed on a variance permitting a second dwelling on premises purchased by plaintiffs.
On appeal Defendant contends that the conditions imposed on the variance by the Board of Adjustment are reasonable and proper; that the trial court having found the condition invalid was required to remand the matter to the Board of Adjustment for determination of the validity of the variance with or without conditions, and that a variance which imposes conditions solely for the benefit of the applicant is inseparable from the variance and based on the Board's ultra vires actions, therefore, the trial court was compelled to set aside the variance when it set aside the condition thereto.
We disagree and affirm the trial court for the reasons hereinafter set forth.
Plaintiffs acquired the property in question in August 1984, by deed from the Ocean County Sheriff as a result of their successful $410,250 bid at a foreclosure sale. The property is in a residential zone where lots are required to have a minimum of 15,000 square feet. Plaintiffs' lot contains 43,750 square feet and contains two residential homes and a garage. One home is located on the section of the property fronting Lincoln Avenue; the second home is at the rear of the property bounded by the Manasquan River. In preparation for closing on the property, plaintiffs ordered a title search which disclosed an agreement between the Zoning Board and the previous owner, W. Emlen Roosevelt, which provided:

*380 In the event of the sale or upon the death of the owner of the premises, the Board shall have the right and the appellant hereby agrees that it may, should it deem advisable, to demolish any of the buildings erected upon the premises herein mentioned.
For many years prior to the grant of this variance, the property had two houses constructed on it; however, one of the houses was destroyed by fire and Roosevelt petitioned the Board to replace that house. The variance was granted on condition that Roosevelt execute an agreement continuing the above-granted restriction.
Plaintiffs contend that neither they nor their real estate agent had prior knowledge of the above agreement. Plaintiffs purchased the property because of the two houses on the property, one of which they intended to use as a residence by their unemancipated children.
After closing in early September 1984, plaintiffs were notified by the Building Inspector that this property was in violation of borough zoning ordinances and he refused to issue a certificate of occupancy.
Thereafter plaintiffs made application under N.J.S.A. 40:55D-70(a), (b), (c), and (d) for continuation of the variance granted to Roosevelt. At the hearing, the Board heard from witnesses, only one of whom objected to the variance; namely, a neighbor who was plaintiffs' competitive bidder at the sheriff's sale. The Board denied plaintiffs' request to continue the variance.
Plaintiffs appealed to the Superior Court, Law Division. The Law Division judge granted summary judgment finding the variance valid; however, he determined that the condition imposed upon the variance was invalid and ultra vires. He found the condition imposed
the kind of personal approval for a friend of the family that is foreign to our law in general and certainly should be to questions of land ownership. It's like the old zoning restrictions or land restrictions that had to do with the race of people who purchased property. It doesn't belong, it's not in any way a condition which goes to the use of the property. If it were a condition that went to the way the property was used it might have some validity, and being knocked out would knock out the variance.
*381 We begin our analysis with a fundamental principle of zoning that a zoning board is charged with the regulation of land use and not with the person who owns or occupies the land. 1 Rathkopf, The Law of Zoning & Planning, § 1.04 (Clark Boardman 4th ed. 1975). While this is a fundamental, unquestioned principle of zoning law, no New Jersey published opinion has enunciated it. Hence, it is necessary to look to other jurisdictions for guidance. In so doing, we find abundant support for this proposition. See Dexter v. Town of Gates, 36 N.Y.2d 102, 365 N.Y.S.2d 506, 507, 324 N.E.2d 870, 871 (Ct.App. 1975). See also 1 Rathkopf, supra, at 1-20 to 1-24; 6 Powell on Law of Real Property, Part V, § 872.2[2], 79C-483 (1979).
A variance is not personal to the property owner, but runs with the land. Garrett v. Richfield Tp., 45 Ohio App.2d 285, 344 N.E.2d 154, 155 (Ct.App. 1973); Fox v. Shriver-Allison Co., 28 Ohio App.2d 175, 275 N.E.2d 637, 641 (Ct.App. 1971); Baltimore v. Poe, 224 Md. 428, 168 A.2d 193, 195 (Ct.App. 1961). See also Dexter, supra, 365 N.Y.S.2d at 507, 324 N.E.2d at 871.
In examining conditions attached to variances and determining their validity, courts will test the conditions in the following manner:
(1) Whether or not the condition is reasonably calculated to achieve some legitimate objective of the zoning ordinance;
(2) Whether or not the condition is sufficiently definite to apprise both the applicant and interested land owners of any restrictions imposed upon use of the property;
(3) Whether or not the condition is tied to the land and not to one particular owner, since they run with the land and remain effective even after a sale of the property; and
(4) Whether or not the condition is necessary and reasonable and does not require illegal conduct by the variance applicant. [Powell, supra, § 872.2[2] at 79C-484; emphasis added].
Here, the variance was granted for a proper reason; namely, to replace a house which existed for many years that was completely destroyed by fire. While the Board was unquestionably empowered to allow the rebuilding of the property *382 under zoning law, it was powerless to attach a condition restricting the future identity of the owners.
The Board, in an attempt to justify its unusual decision, relies on V.F. Zahodiakin v. Summit, 8 N.J. 386 (1952) and North Plainfield v. Perone, 54 N.J. Super. 1 (App.Div. 1959), for its position that the condition was inseparable from the variance and, once the condition was set aside, the variance cannot stand. The Board's reliance upon these decisions is misplaced. Both Zahodiakin and North Plainfield are inapposite since they involved conditions on how the properties were to be used. To the contrary, here, the condition did not relate to how the second home would be used, but who used it. Indeed, the previous owner used the house in question as a residence for his servants; plaintiffs purchased this property to use the house as a residence for their unemancipated children. Thus, the use is the same; the difference is who will use the house as a residence. The language of the condition is clear, the variance was granted personally to the applicant and was subject to recision when he no longer owned the property. Surely, notions of justice and fairness cannot tolerate such parochial favoritism.
Although our Supreme Court has never explicitly held that a variance runs with the land, our former Supreme Court recognized that conditions which make a variance personal to the property owner are invalid. In Soho Park & Land Co. v. Belleville, 6 N.J. Misc. 686 (Sup.Ct. 1928), the board of adjustment permitted a variance with conditions to erect a wire factory in a residential zone. On appeal the court found the conditions imposed upon the variance unreasonable. One of the conditions was a restraint upon alienation since the building specified in the application and any subsequent buildings erected were only to be occupied by the applicant company and used only as a wire factory. Id. at 686-687. Moreover, although the court found the conditions invalid, it ruled the variance should stand without the conditions. Id. at 688. See also Green, The *383 Power of the Zoning Board of Adjustment to Grant Variances from the Zoning Ordinances, 29 N.C.L.Rev. 245, 276-278 (1951).
Likewise, in Olevson v. Narragansett, 71 R.I. 303, 44 A.2d 720 (Sup.Ct. 1945), the zoning board granted a variance permitting erection of a boarding house in a residential zone, but conditioned it so that only one named individual could take advantage of it by requiring that the variance expire as soon as the owner ceased to own or operate the boarding house. The court felt that this condition gave special treatment for the individual rather than for the property involved and held it to be unreasonable and beyond the power of the board. Id. at 722.
We hold that a variance runs with the land and is not personal to the property owner. A condition, such as the one under review here, which causes a variance to be personal to the property owner is invalid and ultra vires; the variance, however, which is otherwise without infirmity, will stand.
Affirmed.