563 A.2d 978

**Joseph KULAK and Helena Kulak and Herbert K. Carver and Maruso Carver**

v.

**ZONING HEARING BOARD OF BRISTOL TOWNSHIP.**

**Appeal of Herbert K. CARVER and Maruso Carver, Appellants.**

Commonwealth Court of Pennsylvania.

Argued June 6, 1989.

Decided Sept. 7, 1989.

James M. McMaster, Smith and McMaster, P.C., Newtown, for appellants.

James J. Auchinleck, Jr., McCoy and Auchinleck, Newtown, Stan C. Kelton, Bensalem, for appellee.

Before CRAIG, DOYLE and PALLADINO, JJ.

CRAIG, Judge.

Herbert and Maruso Carver appeal an order of the Court of Common Pleas of Bucks County which affirmed in part and reversed in part a decision of the Zoning Hearing Board of Bristol Township.

## The Issues

The issues we must resolve are: (1) whether a special exception automatically lapses whenever there is non-compliance with a condition attached to the special exception; and (2) whether a zoning hearing board can subject a residential special exception to a condition depending upon the personal identification of the occupants.

## The Facts

The Carvers entered into an agreement of sale with Joseph and Helena Kulak to buy a multiple-unit dwelling in

Bristol Township. The sale agreement required the Kulaks, as legal owners of the property, to apply to the township for a permit to continue using the property as a three-unit apartment building. The township denied that request, and concluded that the special exception which the township had granted to a previous owner of the building in 1966 had "lapsed" because the Kulaks had violated a condition attached to the 1966 grant of the special exception. That condition required that the owner of the building reside in one of the three apartment units.

## The Appeals

The Carvers appealed the township's denial of a three-unit permit without occupancy condition, and in the alternative, requested a new special exception, together with a variance from the lot-area-per-family requirement, needed to allow the Carvers to use the property as a three-unit apartment building. The board, treating the original exception as lapsed, granted a new special exception to use the building as a two-family dwelling, on condition that the owner, or a relative of the owner, occupy one of the two units.

The Kulaks joined the Carvers in their appeal from the board's decision to the court of common pleas. Although the trial court determined that a municipality could not attach an owner-occupancy condition to a special exception, the court also held that the 1966 special exception had lapsed when the Kulaks failed to comply with that condition. The court, however, affirmed the part of the board's decision which granted a new special exception for a two-family dwelling, but negated the imposition of the occupancy condition.

The Carvers argue that: (1) the breach of a condition attached to a special exception does not cause the special exception to lapse automatically; (2) a zoning hearing board cannot validly attach an owner occupancy condition to a special exception; and (3) they are entitled to a new special exception allowing the use of the property as a three-unit

apartment building, even if the 1966 special exception has lapsed.

Where, as here, the trial court does not take additional evidence, our scope of review is limited to determining whether the board committed a manifest abuse of discretion or an error of law. *Danwell Corporation v. Zoning Hearing Board of Plymouth Township,* 115 Pa.Commonwealth Ct. 174, 540 A.2d 588 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 511 (1988).

■ "A [special] exception has its origin in the ordinance itself; it relates only to such situations as are expressly provided for and enunciated by the terms of the ordinance." *Timber Place Associates v. Plymouth Township Zoning Hearing Board,* 59 Pa.Commonwealth Ct. 582, 585, 430 A.2d 403, 405 (1981). A use which the grant of a special exception allows is one which the zoning ordinance contemplates as a permitted use, as long as the use is not injurious to the public interest. The legislative body of the municipality, wishing to retain some control over specific applications, delegates to the zoning hearing board the task of evaluating each special exception application and granting the exception if the use satisfies legislative standards. Ryan, Pennsylvania Zoning Law and Practice, § 2.2. Ryan characterizes a special exception as a "delegation.... of a small part of the legislative functions." Thus, if we view the grant of a special exception as a legislative act, logically, we must consider the means by which the legislative decision can be undone.

## 1. Lapse of Special Exception

■ We do not agree with the board's and the trial court's conclusion that a special exception can lapse. There is no rule that the failure of a property owner to comply with a condition attached to a special exception automatically nullifies the zoning hearing board's grant of the special exception. The municipality must take some affirmative measure to enforce the condition, or to revoke the special exception, when compliance is not forthcoming or is impossi-

ble. In this case, because the township took no action to revoke the special exception or to seek enforcement of the condition, the owners' failure to comply with the owner-occupancy condition did not automatically nullify the special exception.

To hold that a special exception automatically lapses upon violation of a condition would create confusion and uncertainty for property owners and municipalities. In this case, there were a number of intervening owners between the grant of the special exception in 1966 and the present, and the record suggests that one or more of the intervening owners violated the owner-occupancy condition. If a violation—perhaps a shortlived one—were to trigger an automatic lapse, subsequent owners could look to no record, municipal or otherwise, for an indication that the special exception was no longer available to them.

This court has recognized that a violation of a condition attached to a special exception is the equivalent of a violation of the zoning ordinance. *Babin v. City of Lancaster*, 89 Pa.Commonwealth Ct. 527, 493 A.2d 141 (1985). Because a special exception cannot automatically lapse, and because violation of a condition is, in essence, a violation of the ordinance, the municipality can seek the imposition of fines or equitable remedies under section 617 of the Municipalities Planning Code (MPC).[1]

The township's proper recourse here would have been to issue a cease and desist order, especially in light of the fact that the Kulaks did not know that the special exception

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10617.

The township cites section 3107(3) of the First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended, formerly,* 53 P.S. § 58107(3), as authority for the township's view as to special exceptions. However, section 3107(3), quoted by the township, relates only to variances. Most importantly, that section has been repealed for the last twenty-one years by MPC section 1201.

We also note that the legislature reenacted section 617 by Act of December 21, 1988, P.L. 1329, No. 170. The legislature amended the enforcement remedies provision in section 62 of the Act, 53 P.S. § 10617.2. Because the events which gave rise to this action occurred before the effective date of the Act, the former provisions of the MPC apply.

contained an owner-occupancy condition (Board Finding of Fact No. 15), and therefore were unaware that the condition had been violated. If that remedy was not effective, the municipality could then have taken appropriate steps to revoke the special exception, and to enforce compliance by pursuing remedies for ordinance violations, and, if necessary, equitable remedies. By requiring township action to revoke a special exception for non-compliance, we provide some assurance that a municipal record will exist for the guidance of subsequent purchasers.

### 2. Validity of Owner Occupancy Condition

 With respect to the validity of the owner-occupancy condition attached in 1966, we agree with the trial court that a board may not attach a condition to a special exception which essentially serves a non-zoning purpose, *Van Sciver v. Zoning Board of Adjustment*, 396 Pa. 646, 152 A.2d 717 (1959), or which limits the exception to a particular person, *Tremblay Appeal*, 53 D. & C.2d 766 (Del.Co.1971). The personal identity of an apartment occupant obviously has no relationship to public health, safety or general welfare.

 However, in this case, although we agree that the the owner-occupancy condition did not relate to the public interest, the original owner-applicant did not appeal the imposition of the condition. Therefore, we believe that the original owner became bound by the terms of the special exception. Zoning runs with the land; when the original applicant failed to appeal the owner-occupancy condition, that condition remained part of the zoning requirements applicable to the property. *Babin.*

### Conclusion

The Carvers, although bound by their predecessors' failure to institute a timely attack on the condition, should be allowed the alternative of either (i) complying with the subsisting three-unit exception by having themselves or a relative reside in one of the units, or (ii) accepting the

two-unit exception without any owner-occupancy burden, as granted by the trial court.

Because ordinance section 164 governing the grant of special exceptions requires a lot area of 5,000 square feet per family unit and the Carvers' lot has only 9,375 square feet, the board has, in fact, granted a variance to the extent of the difference between 9,325 and 10,000 square feet, in order to allow two units.

The Carvers have no entitlement to a lot-area variance of a magnitude sufficient to support a new, unconditioned three-unit exception. The record does not show that the elimination of one of the three units would be unduly burdensome. Because the board's findings and conclusion in support of a two-unit exception necessarily imply that elimination of one unit would not be unduly burdensome as a matter of fact, this court erroneously would be assuming the role of factfinder if we reached a contrary finding.

By analogy to the judicial practice of giving a party the option to file a remittitur for excessive damages, this court's order, holding that the three-unit exception and its unappealed condition remains in effect, will be drawn to be effective only upon the thirtieth day after its entry. Hence, if the Carvers elect to accept the trial court's decision instead, they shall file a precipe requesting a pre-emptive order allowing discontinuance of this appeal, which would leave the order of the trial court, rather than this court, in effect as the final order.

## ORDER

NOW, September 7, 1989, the order of the court of Common Pleas of Bucks County at No. 87–03987–15–6, dated November 21, 1988, is modified to provide that the original three-unit special exception, subject to the condition that at least one of the units be occupied by appellants or a relative of appellants, remains in effect. This order shall not take effect until the close of the thirtieth day after its entry, and shall be subject, until then, to appellants' option

to file a precipe for an order allowing discontinuance of this appeal.