FORD, A.J.S.C.
*450 The matter before the court is the plaintiff's Complaint in lieu of prerogative writs. Plaintiff, Maria I. Tirpak (hereinafter referred to as "plaintiff" or "Mrs. Tirpak") seeks an Order reversing the decision of the Borough of Point Pleasant Beach Board of Adjustment (hereinafter referred to as "defendant Board") to deny her application to remove a deed restriction on her residential property. Plaintiff is the owner of a two-family residence located at 401 Carter Avenue, Point Pleasant Beach, New Jersey (hereinafter referred to as "subject property").
*927 BACKGROUND
In 1993, plaintiff and her husband, Leslie J. Tirpak, purchased the subject property upon which was a pre-existing two-family residence. The property is zoned for single-family use. The Tirpaks made application to the Zoning Board for a variance to permit them to demolish the existing two-family residence and to replace it with a newly constructed two-family residence. On or about October 21, 1999, the Borough of Point Pleasant Beach Zoning Board of Adjustment adopted a Resolution of Approval. Although the Board allowed continuation of the two-family use, the Board required the Tirpaks to file a deed which restricted the use of one unit as a personal owner-occupied residence and to limit rentals to the other unit. The Tirpaks complied with this condition and filed a deed dated March 21, 2000, which included this restriction on the use of their property.
After their new residence was constructed, the Tirpaks lived in one of the units and they rented the other unit in the duplex to various seasonal tenants. In 2014, Leslie J. Tirpak passed away, *451 leaving Mrs. Tirpak as the sole owner of the property. Mrs. Tirpak continued to live in one unit and she continued to rent out the other unit. As she advanced in age, it became increasingly burdensome for her to maintain and manage the two-family residence. Mrs. Tirpak eventually relocated to South Carolina full time, although she continues to own and occasionally use the property in Point Pleasant Beach.
Since she had limited need for this additional residence, Mrs. Tirpak decided to list her property for sale. However, her real estate broker advised her the existing deed restriction was an impediment to successful marketing of the property. In addition, Mrs. Tirpak could not rent the unit she previously occupied without violating the deed restriction. Because she believes enforcement of the deed restriction is onerous, unfair, and illegal, Mrs. Tirpak applied to the Point Pleasant Beach Board of Adjustment for relief from that deed restriction. The Board conducted a public hearing on her application. Several neighbors of Mrs. Tirpak objected to her request for relief, citing concerns that the rental of both units, without adequate supervision, would have a negative impact upon the quality of life in this predominantly single-family home neighborhood.
On September 7, 2017, the Point Pleasant Beach Board of Adjustment considered the proofs and evidence submitted by the applicant and the testimony of interested persons. The Board rejected the application to remove the deed restriction. Defendant Board found that the deed restriction prohibiting the rental of both units "... is a reasonable restraint on the use of the property because 2 family homes are not permitted in this zone; and this restriction brought this two-family into greater conformity with this single-family zone."
FINDINGS
Standard of Review
This court's role in reviewing determinations of local planning boards or zoning boards is clearly defined by case law.
*452 Such boards are independent administrative bodies acting in a quasi-judicial manner. Dolan v. De Capua, 16 N.J. 599, 612, 109 A.2d 615 (1954). The board's powers are statutorily derived. See Duffcon Concrete Prods., Inc. v. Cresskill, 1 N.J. 509, 515-16, 64 A.2d 347 (1949). Accordingly, a trial court must view the actions of a board as presumptively correct. Rexon v. Bd. of Adj. of Haddonfield, 10 N.J. 1, 7, 89 A.2d 233 (1952). The boards, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion.
*928 Ward v. Scott, 16 N.J. 16, 23, 105 A.2d 851 (1954). The burden of proof rests with the challenging party and the standard of review is whether the decision can be found to be arbitrary, capricious, or unreasonable. Kramer v. Bd. of Adj. of Sea Girt, 45 N.J. 268, 212 A.2d 153 (1965). Judicial review is intended to be a determination of the validity of the board's actions, not a substitution of the court's judgment therefor. Peoples Trust Co. v. Hasbrouck Heights Bd. of Adj., 60 N.J. Super. 569, 573, 160 A.2d 63 (App. Div. 1959) ; Rowatti v. Gonchar, 101 N.J. 46, 51-52, 500 A.2d 381 (1985). "Courts give greater deference to variance denials than to grants of variances, since variances tend to impair sound zoning." Medical Ctr. at Princeton v. Twp. of Princeton Zoning Bd. of Adj., 343 N.J. Super. 177, 198-99, 778 A.2d 482 (App. Div. 2001) (citing Cerdel Constr. Co. v. Twp. Comm. of East Hanover, 86 N.J. 303, 307, 430 A.2d 925 (1981) ); Mahler v. Bd. of Adj. of Fair Lawn, 94 N.J. Super. 173, 186, 227 A.2d 511 (App. Div. 1967), aff'd, 55 N.J. 1, 258 A.2d 705 (1969).
1. Is the Deed Restriction Condition Imposed by the Defendant Board Arbitrary, Capricious or Unreasonable?
A recognized land use treatise, Rathkopf's The Law of Zoning and Planning, includes a discussion of the imposition of restrictive conditions by local land use boards, and provides in part:
... To be valid, conditions must (1) not offend any provision of the zoning ordinance; (2) not be illegal conduct on the part of the permittee; (3) be in the *453 public interest; (4) be reasonably calculated to achieve some legitimate objective of the zoning ordinance; and (5) not be unnecessarily burdensome to the landowner.
[3 Rathkopf, The Law of Zoning and Planning § 40.04 (4th ed. 1987).]
The leading case relative to the imposition of conditions imposed by land use boards interesting also involved an application to the Point Pleasant Beach Board of Adjustment. In the DeFelice case, the Board considered an application relative to a single lot upon which was situated a main house and an accessory guest house or cottage. DeFelice v. Point Pleasant Beach Bd. Of Adj., 216 N.J. Super. 377, 523 A.2d 1086 (App. Div. 1987). The primary residence burned down, and the owner sought approvals to rebuild it, although two residences on one lot was not permitted in the zone. The Board conditioned the approval to rebuild the main house on the owner's agreement that the board could require, as a condition of its approval, that the cottage be torn down if there was a change in ownership of the property. Id. at 380, 523 A.2d 1086.
In DeFelice, the Appellate Division, in affirming the decision of the trial court, ruled that this condition imposed by the Point Pleasant Beach Board of Adjustment allowing only the current owner the right to maintain the cottage was arbitrary and capricious. The court explained the basis for its ruling:
We begin our analysis with a fundamental principle of zoning that a zoning board is charged with the regulation of land use and not with the person who owns or occupies the land.... A variance is not personal to the property owner, but runs with the land.
[ Ibid. ]
The court further explained:
... here, the condition did not relate to how the second home would be used, but who used it.... Thus, the use is the same; the difference is who will use the house as a residence. The language of the condition is clear, the variance was granted personally to the applicant and was subject to rescission when he no *929 longer owned the property. Surely, notions of justice and fairness cannot tolerate such parochial favoritism.
[ Id. at 382, 523 A.2d 1086.]
Plaintiff contends that her case is similar to the DeFelice matter in that both cases involve restrictions imposed by the Board that are based not on the use of the property, but rather upon the status of the user. Plaintiff argues this court should adopt the *454 same rationale of the trial court and the Appellate Division in DeFelice which determined that conditioning approvals for land applications on the status of the owner or occupier does not further a legitimate land use or governmental objective; and therefore, the deed restriction should be found to be arbitrary and capricious, and hence invalid and unenforceable.
Defendant Board also relies upon DeFelice for the proposition that a condition attached to a variance, and memorialized by a filed deed with restrictive covenants, runs with the land, and therefore is not personal to the owner. A restriction contained in a recorded deed provides notice to future purchasers of the property that this condition restricts the use of the property. Defendant offers this as proof defendant Board intended this restriction or condition to run perpetually with the land, and therefore was not imposed based upon the status of the user of the property.
DeFelice established the elements or criteria courts will consider to determine the validity of conditions attached to variance approvals, as follows:
(1) Whether or not the condition is reasonably calculated to achieve some legitimate objective of the zoning ordinance;
(2) Whether or not the condition is sufficiently definite for restrictions imposed upon use of the property;
(3) Whether or not the condition is tied to the land and not to one particular owner, since they run with the land and remain effective even after a sale of the property; and
(4) Whether or not the condition is necessary and reasonable and does not require illegal conduct by the variance applicant.
[ Id. at 381, 523 A.2d 1086.]
Defendant Board found in its resolution that the condition protected the single-family zone and that, contrary to plaintiff's argument, the condition runs with the land and is not dependent on plaintiff's status. Defendant Board maintains the effect of this condition is to transform the non-conforming two-family dwelling into a "mother-daughter" dwelling, reducing the nonconformity by the grant of the variance. Defendant concludes the effect of this deed restriction is to preserve the character of the single-family zone, and therefore it promotes a legitimate objective of the *455 zoning ordinance. Clearly this represents an analysis that avoids the obvious differential treatment of the owner of property as opposed to the tenant.
2. Governmental Restrictions Against Renters
Plaintiff also characterizes this deed restriction as arbitrary and capricious, in that it imposes an illegal scheme targeting renters as opposed to the owners of property. Plaintiff urges that New Jersey courts have consistently overruled governmental restrictions against renters. In United Property Owners Ass'n of Belmar v. Borough of Belmar, the court struck down an amendment to Belmar's zoning regulations that banned temporary or seasonal rentals of residential property in all parts of the borough except in the resort-residential and resort-business zones. 185 N.J. Super. 163, 165, 447 A.2d 933 (App. Div. 1982).
*930 The court found the zoning ordinance to be unreasonable and arbitrary, and therefore illegal, reasoning:
This is an extreme limitation on rights of ownership of private property, and it appears arbitrary in many respects. For example, a regular, permanent, year-round resident who wishes to travel abroad one summer is precluded from making even a rare summer rental of his property. On the other hand, a family that has maintained a home in Belmar as their summer residence would now be precluded from renting the property for the remainder of the year since they would not want to rent it out for an indefinite period. Similarly, someone whose employment requires a temporary change in location for a year or less could not rent out his residence during that period of absence. If a Belmar resident dies and his home becomes vacant, his executor could not rent it out temporarily until it could be sold or otherwise disposed of, despite the undesirability of leaving homes unoccupied for long periods of time. These are some obvious examples of the unreasonable and undesirable results achieved by the prohibition on temporary or seasonal rentals.
[ Id. at 170, 447 A.2d 933.]
While plaintiff concedes there are differences between the ordinance in the United Property Owners case and the deed restriction before the court-most significantly, in the former, rental rights that had already existed had been stripped by the passage of the ordinance, whereas in the latter defendant Board imposed a condition associated with the grant of a use variance approval-there still exist significant similarities. In both DeFelice and *456 United Property Owners, governmental prohibitions against tenants coupled with a presumption that owner occupants are somehow superior to tenant occupants were soundly rejected by the courts. Any factual differences are not substantial and do not counterbalance the strong policy reflected by our courts that deny governmental entities the right to discriminate between owner occupants and tenant occupants in the application of zoning and land use regulations.
This court finds that whether both units in the duplex are occupied by tenants, or by co-owners, or by one owner and one tenant, the result is the same: this is a two-family use of the property. The two-family use of the property is a legally permitted use. The court is not persuaded that a proper function of the zoning powers of a municipality includes conditioning occupancy upon the status of the occupant, as either an owner or a tenant. Invalidation of a condition attached to a variance approval, which assumes tenants are less desirable than owners, does no damage to the zoning plan since the use of the property is identical, with or without the condition attached.
As set forth in DeFelice, one of the elements courts must analyze to determine the validity of conditions attached to variance approvals is whether or not the condition is reasonably calculated to achieve some legitimate objective of the zoning ordinance. DeFelice, 216 N.J. Super. at 381, 523 A.2d 1086. Distinctions between renters or property owners in the application of zoning and land use laws has no place in the application of legitimate objectives of zoning.
Finally, the court finds that it is against the public policy of the state of New Jersey to discriminate against people based on their economic status as tenants. The courts in this state have consistently refused to allow municipalities to implement ordinances and land use policies that disfavor tenants for no other reason than stereotypes regarding those who choose to *931 rent as opposed to own, which, in this court's view, is precisely what is occurring here. For these reasons, the court finds that the deed *457 restriction is arbitrary, capricious, unreasonable, and ultimately invalid and unenforceable.
3. Is Plaintiff's Challenge to the Deed Restriction Time Barred?
Defendants have argued that in any event plaintiff's challenge to the enforcement of the restrictions contained in the filed deed is untimely. The court is likewise unpersuaded by the argument of defendants that plaintiff's appeal is untimely. An invalid deed restriction, which runs with the land, is subject to challenge by any person with standing. The superior court has the authority to vacate a deed restriction when it is improper and/or no longer necessary. American Dream at Marlboro, L.L.C. v. Planning Bd. of Twp. of Marlboro, 209 N.J. 161, 168-69, 35 A.3d 1198 (2012).
The Borough contends plaintiff's reliance upon American Dream is misplaced. The Court in American Dream articulated the standards that trial courts must apply when considering an application to invalidate a deed restriction based on changed circumstances. The Court determined that the applicant must demonstrate it has become "impossible as a practical matter to accomplish the purpose for which a servitude or restrictive covenant was created." Id. at 169, 35 A.3d 1198. Defendant Borough acknowledges plaintiff's circumstances have changed due to her husband's passing and Mrs. Tirpak's relocation to North Carolina, but failed to satisfy the American Dream test by demonstrating that the purpose of the servitude can no longer be accomplished.
Courts are permitted, if not required, to enlarge the time a challenger can bring an action in lieu of prerogative writs where there are constitutional or public policy issues present. Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 578, 10 A.3d 211 (2011). In the instant matter, there are both constitutional and public policy issues in controversy since the subject deed restriction has the effect of discriminating against individuals based on their economic status as tenants.
*458 CONCLUSION
This court finds that the deed restriction condition attached to the 1999 variance approval should be determined to be invalid and unenforceable. The deed restriction is not reasonably calculated to achieve some legitimate objective of the zoning ordinance. The deed restriction has the effect of disfavoring tenants due to their economic circumstances. The deed restriction places unreasonable restrictions upon the right of plaintiff to use and enjoy her property, without advancing a legitimate interest of zoning.