NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.  A-5088-17T1
                         A-5147-17T1


MARIA I. TIRPAK,[1]

    Plaintiff-Respondent,

v.

BOROUGH OF POINT PLEASANT
BEACH BOARD OF ADJUSTMENT,

    Defendant-Appellant,

and

BOROUGH OF POINT PLEASANT
BEACH,

    Defendant.

_____

MARIA I. TIRPAK,

    Plaintiff-Respondent,

v.

BOROUGH OF POINT PLEASANT

| APPROVED FOR PUBLICATION |
| :---: |
| **February 11, 2019** |
| **APPELLATE DIVISION** |

---

[1] We have been advised that, while the appeal was pending, the property at issue was sold to Jack and Linda Whalen, and that plaintiff has assigned to the Whalens her interest in this case.

BEACH BOARD OF ADJUSTMENT,
and BOROUGH OF POINT PLEASANT
BEACH,

     Defendants-Appellants.
_____

Argued January 28, 2019 – Decided February 11, 2019

Before Judges Sabatino, Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2918-17.

Dennis M. Galvin argued the cause for appellant Borough of Point Pleasant Beach Board of Adjustment in A-5088-17 and A-5147-17 (Davison, Eastman, Muñoz, Lederman & Paone, PA, attorneys; Dennis M. Galvin, of counsel and on the briefs).

Kevin B. Riordan argued the cause for appellant Borough of Point Pleasant Beach in A-5147-17 (Kevin B. Riordan, Esq., LLC, attorney; Kevin B. Riordan, Gary P. McLean and Dina R. Khajezadeh, on the briefs).

John J. Jackson, III, argued the cause for respondent in A-5088-17 and A-5147-17 (King, Kitrick, Jackson & McWeeney, LLC, attorneys; John J. Jackson, III, of counsel and on the brief).

PER CURIAM

Defendants, the Borough of Point Pleasant Beach and the Borough's Zoning Board of Adjustment, appeal the trial court's May 3, 2018 decision in this land use case. The court declared invalid and unenforceable a variance provision and associated deed restriction that requires one unit of the subject

two-family dwelling to be occupied by the owner and not rented to a third-party tenant.

These owner-occupancy limitations were imposed by the Board in 1999 as a condition of approving a variance allowing plaintiff Maria I. Tirpak and her now-deceased husband to raze their then-existing dwelling and construct a new two-family dwelling in a zone limited to single-family residences. The Board also required the Tirpaks to memorialize the condition as a recorded deed restriction.

The trial court concluded the variance condition and deed restriction impermissibly discriminated against renters, and wrongfully predicated the allowable use of the property upon the identities of its occupants.

On appeal, defendants argue the trial court should have dismissed plaintiff's challenge to the restrictions as untimely. They further contend the trial court misapplied the law and principles of equity in nullifying the variance condition and deed restriction.

This appellate court rejects defendants' arguments, substantially for the sound reasons expressed in Assignment Judge Marlene Lynch Ford's May 3, 2018 written decision, which is published in tandem with this opinion at ___ N.J. Super. ___ (Law Div. 2019).

A-5088-17T1

The trial court correctly enforced the fundamental, if not immutable, principle that "zoning enabling acts authorize local regulation of 'land use' and not regulation of the 'identity or status' of owners or persons who occupy the land." 5 Edward H. Ziegler, Jr., Rathkopf's The Law of Zoning and Planning, § 81.7 (4th ed. 2005). The present situation does not fit any exceptions to that principle, which has been long recognized under New Jersey law. In fact, this court made clear more than thirty years ago – in an opinion coincidentally involving this same municipality – that "a zoning board is charged with the regulation of land uses and not with the person who owns or occupies the land." DeFelice v. Zoning Bd. of Adjustment of Borough of Point Pleasant Beach, 216 N.J. Super. 377, 381 (App. Div. 1987) (emphasis added).

In DeFelice, 216 N.J. Super. at 379, the owner of a residential lot had two homes located on the property. After one of the homes burned down, the owner applied for a variance to reconstruct the house. Ibid. As a condition of variance approval, the owner agreed to grant the Zoning Board the right to demolish any of the buildings on the lot in the event of the sale of the property or owner's death. Id. at 380. This court ruled that the Zoning Board was "powerless to attach [such] a condition restricting the future identity of the owners" and deemed the condition invalid and ultra vires. Id. at 382-83. See also Repair Master, Inc. v. Borough of Paulsboro, 352 N.J. Super. 1, 10 (App.

Div. 2002) (upholding a finding of invalidity of a borough's moratorium on rental licenses issued to single-family and non-owner-occupied duplex units, because the moratorium was an improper "attempt to regulate the attributes of ownership and the nature of the occupancy of property.").

Other jurisdictions have followed similar reasoning. See, e.g., City of Wilmington v. Hill, 657 S.E.2d 670, 673 (N.C. Ct. App. 2000) (striking down a city code provision requiring the owner of a house and a garage apartment to reside either in the main residence or the apartment, because the city was entitled only to regulate the use of the property and not the identity of the owner or occupant); Kulak v. Zoning Hearing Bd., 563 A.2d 978, 980 (Pa. Commw. Ct. 1989) (invalidating a condition that required the owner of a three-unit apartment building to occupy one of the units). As the Pennsylvania court rightly observed in Kulak, "the personal identity of an apartment occupant obviously has no relationship to public health, safety, or the general welfare." Ibid.[2]

---

[2] None of the out-of-state authorities cited by defendants in their supplemental letter-briefs filed after we called their attention to Hill and Kulak are persuasive. Several of those cases involve "accessory" buildings, whereas the duplex in this case consists of two identical top-and-bottom units, neither of which is primary. Cf. Soucheim v. City of San Dimas, 55 Cal. Rptr. 2d 290, 292-93 (Ct. App. 1996); Kasper v. Town of Brookhaven, 535 N.Y.S.2d 621, 624 (App. Div. 1988); Anderson v. Provo City Corp., 108 P.3d 701,706-08 (Utah 2005).

Defendants argue that the trial court's decision fails to appreciate that property owners who live on the premises are more likely than absentee owners to assure that their tenants – particularly seasonal renters living in this shore town during the summer – will obey noise, parking, and other local ordinances. Whether or not that premise is true, a deed restriction or variance condition cannot, in effect, functionally delegate to a private landlord a portion of the municipality's police powers and its own exclusive responsibility to enforce the local laws and keep the peace. See Kirsch Holding Co. v. Borough of Manasquan, 59 N.J. 241, 253-54 (1971); see also Urban v. Planning Bd. of Borough of Manasquan, 124 N.J. 651, 662 (1991) (citing Kirsch); State v. Baker, 81 N.J. 99, 111 (1979) (citing Kirsch). Moreover, the status of a house's occupant as a property-owner rather than as a tenant is no guarantee that he or she will be a law-abiding and considerate neighbor.

In sum, although we understand defendants' desire to maintain a quiet and peaceful environment in this single-family zone, they cannot accomplish that objective by imposing land use restrictions that discriminate against renters. If the Board wanted to preserve the single-family character of the zone, it never should have approved a variance for this two-family dwelling in the first place. It is now too late to rescind the variance itself; instead we agree with Judge Ford the appropriate solution is to excise the illegal

6                                                                      A-5088-17T1

condition. See, e.g., DeFelice, 216 N.J. Super. at 383 (invalidating the variance condition but upholding the underlying variance); Orloski v. Planning Bd. of Borough of Ship Bottom, 234 N.J. Super. 1, 2 (App. Div. 1989) (citing DeFelice and noting that "an unreasonable condition, under proper circumstances, may be stricken or removed even if the variance benefit has been accepted."); Aldrich v. Schwartz, 258 N.J. Super. 300, 311 (App. Div. 1992) (same). The associated deed restriction tied to the illegal variance condition must also be nullified. Am. Dream at Marlboro v. Planning Bd. of the Twp. of Marlboro, 209 N.J. 161, 169 (2012).

We reject defense counsel's suggestion that the Tirpaks have been unjustly enriched. For nearly three decades they abided by the restrictions mandated by the local government when they could otherwise have obtained rental income from both units of the duplex. We perceive no inequity in the trial court's remedy.

Finally, because this lawsuit implicates important public values and involves a perpetual restriction on the identity of the premises' occupants, we endorse the trial court's election to adjudicate the merits of this case under the "interests of justice" exception to the forty-five-day time bar in Rule 4:69-6(c). See Hopewell Valley Citizens Grp., Inc. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 577-78 (2011).

The trial court's decision is therefore affirmed.  The stay pending appeal previously issued by this court shall expire in thirty days, without further extension.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION