# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Links at Gettysburg Land Company, Inc., | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1006 C.D. 2019 |
| | : | SUBMITTED: May 11, 2020 |
| Board of Supervisors of Mount Joy Township | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                       **FILED: June 25, 2020**

          The Links at Gettysburg Land Company, Inc. appeals from an order of the Court of Common Pleas of Adams County affirming the decision of the Board of Supervisors of Mount Joy Township that the conditional use approvals for two projects had expired due to the developer's failure to meet traffic study conditions. For the reasons that follow, we reverse and remand this matter to the trial court with directions to remand to the Board for reinstatement of the conditional use approvals.[1]

          In decisions dated April 27, 2015, the Board approved conditional use applications for expansion of the planned golf community and erection of a hotel and conference center. Both decisions contained essentially the same condition

---

[1] This case was considered seriately with related cases *The Links at Gettysburg Land Company, Inc. v. Board of Supervisors of Mount Joy Township* (Pa. Cmwlth., No. 1007 C.D. 2019, filed June 25, 2020) and *The Links at Gettysburg Land Company, Inc. v. Board of Supervisors of Mount Joy Township* (Pa. Cmwlth., No. 1008 C.D. 2019, filed June 25, 2020).

requiring that the developer submit plans to prevent expiration of the conditional use approvals. Condition No. 1 for the hotel and conference center provided:

> The approval of the conditional use for the hotel and conference center uses shall expire two years from the date of this Decision, subject to written petition setting forth sufficient reason for the Board's grant of an extension of the expiration. The conditional use shall not expire if a land development plan has been submitted.

(April 27, 2015, Hotel Decision at 11; Reproduced Record "R.R." at 44a.) Condition No. 2 for the expansion of the planned golf community mirrored Condition No. 1 but for requiring submission of a subdivision plan. (April 27, 2015, Expansion Decision at 14; R.R. at 31a.) Prior to April 27, 2017, the Links submitted the respective plans thereby satisfying the two-year deadline.

Additionally, both approval decisions carried a condition requiring the Links to update the traffic study within three years of the respective decisions. Condition No. 9 for the hotel and conference center and No. 10 for the expansion provided: "Every three years from the date of this Decision, the applicant shall update the traffic counts and movements data of the Traffic Study made part of the Modified Application and within one year of the completion of the development shall submit an updated Traffic Study to the Township." (Hotel Decision at 12; R.R. at 45a and Expansion Decision at 15; R.R. at 32a.) Accordingly, the Links' traffic engineer submitted a January 2018 letter opining that "since the development expansion associated with the conditional use approvals for Links at Gettysburg has not been built, and no other significant developments or traffic improvements have occurred, the traffic counts, assumptions, analyses, and recommended improvements included in the traffic study remain valid and unchanged." (January 15, 2018, Updated Traffic Impact Study at 1; R.R. at 115a.)

2

In a May 22, 2018, decision, the Board determined that the Links failed to satisfy Conditions Nos. 9 and 10 for failure to submit updated traffic counts and movement data by April 27, 2018. Accordingly, the Board concluded that both conditional use approvals had expired for failure to satisfy those conditions. Nonetheless, the Board also acted on the April 2018 revised preliminary subdivision plan for the expansion and the April 2018 revised preliminary land development plan for the hotel and conference center. The Board denied both plans, stating that it was incorporating the May 3, 2018, review comments from the Township's engineer and zoning officer.

The Links filed three separate appeals with the trial court: (1) appeal from the Board's decision that conditional use approvals had expired due to failure to meet traffic study conditions; (2) appeal from Board's denial of preliminary land development plan for the hotel and conference center; and (3) appeal from denial of preliminary subdivision plan for expansion of the planned golf community. Without taking additional evidence, the trial court affirmed the Board in all three cases. The Links' appeals to this Court followed, respectively, Nos. 1006, 1007, and 1008 C.D. 2019. We consider the appeals seriately but separately.

In the present appeal, the Links argues that the Board erred in determining that (1) the conditional use approvals expired for an alleged failure to meet the traffic study conditions; (2) the traffic study conditions were enforceable as a matter of law when construed to authorize automatic termination of the conditional use approvals; and (3) the conditional use approvals expired notwithstanding the Township's failure to pursue the enforcement process authorized by law for the failure to meet the conditions of conditional use approvals.

3

By way of analysis, resolution of this matter is not dependent upon whether the Board erred in determining that the developer failed to satisfy the traffic study conditions. Instead, the proper focus is whether the Board erred in using its determination that the developer failed to meet those conditions as support for a decision that the conditional use approvals automatically expired. Notably, there is no expiration language in the traffic study conditions for failure to submit what the Board deems to be a compliant update. This is in contrast to the automatic expiration language in the approval expiration conditions, Conditions Nos. 1 and 2, requiring that the developer submit plans within two years of the April 2015 decisions.[2]

Moreover, it is well established that conditional use approval does not automatically expire for failure to satisfy a condition. *Kulak v. Zoning Hearing Bd. of Bristol Twp.*, 563 A.2d 978, 980 (Pa. Cmwlth. 1989). As we held in *Kulak* with respect to special exceptions:[3] "To hold that a special exception automatically lapses upon violation of a condition would create confusion and uncertainty for property owners and municipalities." *Id*. More specifically, we observed:

> There is no rule that the failure of a property owner to comply with a condition attached to a special exception automatically nullifies the zoning hearing board's grant of the special exception. The municipality must take some affirmative measure to enforce the condition, or to revoke the special exception, when compliance is not forthcoming or is impossible.

---

[2] The expiration language in Conditions Nos. 1 and 2 mirrors Section 110.70.C.6(h) of the Township's Ordinance.

[3] A conditional use is nothing more than a special exception which falls within the jurisdiction of the municipal governing body rather than a zoning hearing board such that the law regarding both is virtually identical. *In re Thompson*, 896 A.2d 659, 670 (Pa. Cmwlth. 2006).

*Id.* Consequently, where the township in *Kulak* took no action to revoke the special exception or to seek enforcement of the condition, we held that the owners' failure to comply with the condition did not automatically nullify the special exception. *Id.* at 981.

With respect to enforcement in the present case, Section 110.1201.C of the Township's Ordinance provides that the enforcement of ordinance provisions lies with the zoning officer.[4] This is consistent with Pennsylvania law providing that zoning officers and not zoning hearing boards or governing bodies are responsible for the administration of ordinances. *See* Section 614 of the Pennsylvania Municipalities Planning Code (MPC)[5] (zoning officers administer zoning ordinances and may be authorized to institute civil enforcement proceedings as a means of enforcement) and *Borough of Jenkintown v. Bd. of Comm'rs of Abington Twp.*, 858 A.2d 136, 140 (Pa. Cmwlth. 2004) (holding that zoning officers act as gatekeepers, administering zoning ordinances, in part, to shelter boards from the duty to render preliminary decisions as to zoning compliance).

However, the zoning officer in the instant case took no enforcement action with regard to the Links' alleged failure to satisfy the traffic study conditions. Instead, the Board prematurely used the Links' allegedly non-compliant traffic study submission as a springboard for determining that the conditional use approvals had expired.[6]

---

[4] Violation of a condition of a conditional use approval is, essentially, a violation of an ordinance. *See Kulak*, 563 A.2d at 980 (holding that violation of a condition attached to a special exception is the equivalent of a violation of a zoning ordinance).

[5] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10614.

[6] As noted, whether the developer met the traffic study conditions is not before us. However, given the fact that the developer's traffic engineer concisely set forth why he believed that the prior study remained valid, we perceive no overt failure to satisfy those conditions. At most, the letter

Accordingly, we reverse and remand this matter to the trial court with directions to remand to the Board for reinstatement of the conditional use approvals for expansion of the golf community and erection of the hotel and conference center.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

dismissing the need for updated traffic counts and movement data constitutes some inchoate compliance that may or may not become the subject of a future enforcement action. In any event, the Township had a duty to exercise good faith and afford the developer a reasonable opportunity to respond where there was a misunderstanding or difference of opinion. *See Monger v. Upper Leacock Twp.*, 132 A.3d 585, 590 (Pa. Cmwlth. 2016) (recognizing duty of good faith in reviewing and processing land use applications).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Links at Gettysburg Land     :
Company, Inc.,     :
               Appellant     :
    :
         v.     :    No. 1006 C.D. 2019
    :
Board of Supervisors of Mount Joy     :
Township     :

# **O R D E R**

AND NOW, this 25th day of June, 2020, the order of the Court of Common Pleas of Adams County is hereby REVERSED. We remand this matter to the trial court with directions to remand to the Board of Supervisors of Mount Joy Township for reinstatement of the conditional use approvals for expansion of the planned golf community and erection of the hotel and conference center.

Jurisdiction relinquished.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge